**SANDERS LAW GROUP**
Renee Aragona, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: raragona@sanderslaw.group
File No.: 122842
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Patrick Mendoza,<br><br>        Plaintiff,<br><br> v.<br><br>Dorrance Publishing Company, Inc.<br>d/b/a RoseDog Books and Sheila Dunn,<br><br>        Defendants. | Case No: 2:21-cv-1286<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Patrick Mendoza ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendants Dorrance Publishing Company, Inc. d/b/a RoseDog Books and Sheila Dunn (collectively "*Defendants*") states and alleges as follows:

### INTRODUCTION

  1. This action seeks to recover damages for copyright infringement.

  2. Plaintiff herein creates digital art illustrations and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

  3. Defendant Dorrance Publishing Company, Inc. is a book publisher who prints, publishes, and markets the works of their employees and of third-party authors.

  4. Defendant Sheila Dunn is the author of the book Phoenix Rising (the "*Published Work*").

  5. Defendants, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Illustration on the front cover of the Published Work and

engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Patrick Mendoza is an individual who is a citizen of the State of Arizona and maintains a principal place of business at 214 Cory Avenue, Prescott, in Yavapai County, Arizona.

7. Upon information and belief, Defendant Dorrance Publishing Company, Inc., is a Pennsylvania corporation with a principal place of business at 585 Alpha Drive, Suite 103, Pittsburgh in Allegheny County, Pennsylvania and is liable and responsible to Plaintiff based on the facts herein alleged.

8. Upon information and belief, Defendant Sheila Dunn, is an individual who is a citizen of the State of Idaho who resides at 8960 West Cornwall Drive, Boise in Ada County, Idaho and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Dorrance Publishing Company, Inc. because it maintains its principal place of business in Pennsylvania.

11. This Court has personal jurisdiction over Sheila Dunn under the applicable long-arm jurisdictional statute of Pennsylvania because while Sheila Dunn maintains her residence in Idaho, she purposely directs substantial activities at the residents of Pennsylvania by means of the Published Work.

12. Venue is proper under 28 U.S.C. §1391(a)(2) because Dorrance Publishing Company, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

13. Plaintiff is the legal and rightful owner of illustrations which it licenses to online and print publications.

14. Plaintiff has invested significant time and money in building Plaintiff's portfolio.

15. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's illustrations while many others are the subject of pending copyright applications.

16. Plaintiff's illustrations are original, creative works in which Plaintiff owns protectable copyright interests.

17. Defendant Dorrance Publishing Company, Inc. provides publishing services for both its employees and third-party authors.

18. Defendant Dorrance Publishing Company, Inc. sells the works it publishes through the use of multiple aliases, or "imprints" including, but not limited to, RoseDog Books and also by way of third-party vendors.

19. Upon information and belief, Defendants Dorrance Publishing Company, Inc. and Sheila Dunn both profit from the sale of the Published Work.

20. On October 18, 2007, Plaintiff Patrick Mendoza authored an illustration of a phoenix (the "*Illustration*"). A copy of the Illustration is attached hereto as Exhibit 1.

21. The Illustration was registered by the USCO on June 29, 2010 under Registration No. VAu 1-032-736.

22. On November 29, 2020, Plaintiff observed the Illustration on the front cover of a work published by Defendant Dorrance Publishing Company, Inc. Copies of the screengrabs of locations where the Published Work is sold including the Illustration is attached hereto collectively as Exhibit 2.

23. Examples of where the Published Work was sold and the client's illustration was displayed include at URL: http://rosedogbookstore.com/phoenix-rising/. (*Exhibit 2 - Infringement #1*) and https://www.barnesandnoble.com/w/phoenix-rising-sheila-dunn/1125589997. (*Exhibit 2 - Infringement #2*)

24. The aforementioned examples are just a few of the locations where the Published Work was sold. The Published Work was also made widely available and sold amongst

3

numerous additional vendors (*Exhibit 2 - Infringement #3-10*).

25. Without permission or authorization from Plaintiff, Defendants volitionally selected, copied, stored and displayed Plaintiff's copyright protected Illustration as is set forth in Exhibit 1 on the Published Work.

26. Upon information and belief, the Illustration was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement"* and collectively the "*Infringements*").

27. Each Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and displayed by Defendants on the Published Work.

28. Upon information and belief, Defendant Dorrance Publishing Company, Inc. takes an active and pervasive role in the content posted on the works it publishes, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Illustration.

29. Upon information and belief, the Illustration was willfully and volitionally posted on the cover of the Published Work by Defendants.

30. Upon information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

31. Upon information and belief, Defendant Dorrance Publishing Company, Inc. has the legal right and ability to control and limit the infringing activities on the works it publishes and exercised and/or had the right and ability to exercise such right.

32. Upon information and belief, Defendants have received a financial benefit directly attributable to the Infringements.

33. Upon information and belief, the Infringements increased interest in the Published Work and, in turn, caused Defendants to realize an increase in the revenues generated through the sale of the Published Work.

34. Upon information and belief, a large number of people have viewed the unlawful copies of the Illustration on the Published Work.

4

35. Upon information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

36. Defendants' use of the Illustration, if widespread, would harm Plaintiff's potential market for the Illustration.

37. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

38. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

39. The Illustration is an original, creative work in which Plaintiff owns a valid copyright properly registered with the United States Copyright Office.

40. Plaintiff has not licensed Defendants the right to use the Illustration in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendants.

41. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

42. Defendants' reproduction of the Illustration and display of the Illustration on the Published Work constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

43. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

44. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and

costs pursuant to 17 U.S.C. § 505 from Defendants.

45. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

46. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants have infringed on Plaintiff's rights to the Illustration in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendants infringed upon Plaintiff's copyright interest in the Illustration by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: September 26, 2021

**SANDERS LAW GROUP**

By:   */s/ Renee Aragona*
Renee Aragona, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: raragona@sanderslaw.group
File No.: 122842
*Attorneys for Plaintiff*